## Dubois *vs.* Thorne and others.

An *owner* of lands not occupied by him, his agent or servant, but in the actual
occupation of a *tenant*, is not a *taxable inhabitant*, within the meaning of the
*common school act* of 1819 ; the *tenant* and *his* sub-tenants are the persons
upon whom the tax should be imposed, where the owner is a non-resident of
the district in which the tax is assessed.

Error from the Ulster common pleas. Thorne and two
others were trustees of *school district* No. 5, in Kingston, and
brought an action against Dubois to recover $12,62, imposed
upon him as his proportion of a *tax* laid upon the taxable in-
habitants of the district, for the purpose of raising money to
build a school house. The suit was commenced in a justice's
court, and brought into the common pleas by appeal. On the
trial, the following facts appeared : Dubois was the *owner* of a
farm situate in district No. 5, but resided in another district ;
at the time of the imposition of the tax, which was in the au-
tumn of 1828, one Van Sickles held the farm as the tenant of
Dubois, under a lease for *one year* from the 29th March, 1828,
subject to the payment of a rent of $65, and of the taxes
which should be imposed on the farm ; Van Sickles did not
reside in district No. 5, but worked the farm, and had a crop
of rye in the ground, of value more than sufficient to satisfy
the tax. He *underlet* the dwelling house on the farm, with
the exception of one room, which he reserved for his own use,
to two individuals, who were in possession of the same and of
a garden and part of the barn, also underlet to them. There
was a cider-mill and press upon the farm, which were the
property of Dubois. The tax being imposed upon Dubois, and
he refusing to pay it, the collector returned the warrant for
want of goods whereof to make the tax, and the trustees com-
menced their suit to recover the same by action. The jury,
under the charge of the court, found a verdict for the plaintiffs.
The defendant excepted and brought error.

*H. M. Romeyn*, for plaintiff in error.

*M. T. Reynolds*, for defendants in error.

*By the Court,* SAVAGE, Ch. J.  The law in force when the tax in question was laid, was the act of 1819, by the 25th section of which the trustees are authorized, where a tax has been voted, to make out a tax list or rate bill, containing the names of the taxable inhabitants residing in their district; "and every person owning or holding any real estate lying within such district, who shall improve and occupy the same by his agent or servant, shall (in respect to such estate and within the meaning of this act) be taken and considered a taxable inhabitant of such district, within which such estate shall be so occupied by him, in the same manner as if he actually resided therein." The trustees charged Dubois with the tax, and inserted his name in the tax list.  Dubois refused to pay the tax, and the collector did not enquire whether he had any property upon the premises taxed.  He in fact had a cider-mill; whether it was real or personal property does not appear; as no objection of that kind was raised in the common pleas, it is fair to infer that it was personal; but whether it was or not, does not become material in the view I have taken of this case.  In my opinion, Dubois was not a taxable inhabitant of district No. 5, within the meaning of the statute.  He was not an actual resident within the district, nor did he occupy any land owned by him, lying within the district, by his agent or servant, nor by himself; he had leased to Van Sickles, who for the time being, was owner, and might have been taxed for the part he occupied, and the sub-tenants might have been taxed for what they severally occupied.  The mere ownership of the property, without occupation by himself, his agent or servant, is not sufficient to charge Dubois with the tax.  As he was not liable to be taxed, no action lies.  It is unnecessary to decide any other question, as no other necessarily arises.

Judgment reversed, with costs-